## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIELLE PENNINGTON,

      *Plaintiff,*

   v.

NATIONSTAR MORTGAGE LLC, *et al.*,

      *Defendants.*

Civil Action No. 25-00568 (AHA)

### Memorandum Opinion

Danielle Pennington sues several people and companies involved in the foreclosure on and her eviction from a property. She asserts various claims that appear to be related to the foreclosure and eviction proceedings in D.C. Superior Court, and requests damages, as well as various forms of injunctive and declaratory relief, including quiet title to the property. Several defendants move to dismiss the complaint, arguing that this court lacks jurisdiction to hear these claims and that Pennington fails to state a claim. For the reasons below, the court dismisses the case.

## I.    Background[1]

In 2010, Pennington bought the property at 4908 Quarles St. NE in Washington, D.C. with a secured mortgage. *See* ECF No. 1 ¶ 18; ECF No. 1-2 at 2–7. After she defaulted on her mortgage loan, defendant Nationstar Mortgage LLC started foreclosure proceedings and the D.C. Superior Court granted judgment to Nationstar in November 2017. *Id.* ¶¶ 5, 19; Order Granting Plaintiff's Motion For Judgment On The Pleadings And Decree For Sale Of Real Property, *Nationstar*

---

[1]    As required at the pleading stage, the court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in Pennington's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

*Mortgage, LLC v. Danielle Pennington,* No. 2015-CA-000244-R(RP) (D.C. Super. Ct. Nov. 6, 2017). Nationstar appears to have bought the property, and the Superior Court ratified the sale and closed the foreclosure proceeding in 2019. *See* ECF No. 1-2 at 18; Order Granting Motion To Ratify Sale Of Real Property, *Nationstar Mortgage, LLC v. Danielle Pennington,* No. 2015-CA-000244-R(RP) (D.C. Super. Ct. Apr. 11, 2019); Order Granting Motion To Ratify Accounting, Release The Bond, And Close The Case, *Nationstar Mortgage, LLC v. Danielle Pennington,* No. 2015-CA-000244-R(RP) (D.C. Super. Ct. Jun. 21, 2019). Nationstar then filed an action in Superior Court to evict Pennington and sold the property to First Hand Land, who subsequently took over the litigation and prevailed. *See* ECF No. 1-2 at 23–25; Oral Order Granting Motion to Substitute, *First Hand Land, LLC v. Danielle Pennington*, No. 2019-LTB-011768 (D.C. Super. Ct. Apr. 19, 2024); Writ Executed, *First Hand Land, LLC v. Danielle Pennington*, No. 2019-LTB-011768 (D.C. Super. Ct. May 23, 2025).

Pennington now files this federal lawsuit asserting various claims that appear to be related to the foreclosure and eviction proceedings or judgments. Defendants Nationstar, Westcor Land Title Insurance Company, Sogol Irene Plagany, Adetunji Darcy Adefehiniti, Justin Fasano, First Hand Land, Forge Trust Co., and ServiceLink, LLC move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. ECF Nos. 13, 18, 21, 22, 36, 38.

## II.    Discussion

The court concludes that Pennington's case must be dismissed for failure to satisfy Federal Rule of Civil Procedure 8 and because, to the extent Pennington seeks relief from the Superior Court foreclosure and eviction proceedings or judgments, this court lacks jurisdiction to provide it.

The federal rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). A court may dismiss a complaint that fails to meet these requirements upon motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules."); *Dali v. Walter Reed Nat'l Mil. Med. Ctr.*, No. 24-cv-3313, 2025 WL 326575, at *1 (D.D.C. Jan. 29, 2025) (observing that dismissals under Rule 8(a) "may be ordered on motion or *sua sponte* by the court").

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Pennington's allegations fail to provide the defendants with notice of the claims against them. Pennington lists fourteen counts against fourteen named defendants and several unnamed defendants. ECF No. 1 at 1–9. Counts one through thirteen each consist of one sentence, asserting

3

a legal violation, without any further explanation. *Id.* at 7–9; *see, e.g.*, *id.* ¶ 31 ("By proceeding with eviction based on fraudulent documents, Defendants violated Plaintiff's constitutional right to due process and fair proceedings."). None of these counts identify which defendants are liable, failing to give any defendant "notice of what the claim is and the grounds upon which it rests." Only count fourteen identifies specific defendants. *Id.* ¶ 39 ("Defendants, Mr. Cooper d/b/a Nationstar Mortgage and Orlans PC (via Defendant Sogol Irene Plagany), acting as 'debt collectors' under 15 U.S.C. § 1692a(6), attempted to collect a mortgage or purported debt from plaintiff."). This count asserts that those defendants "failed to comply with the Fair Debt Collection Practices Act (FDPA) and Regulation F (12 CFR Part 1006) by failing to provide required disclosures, engaging in harassing or deceptive practices, and misrepresenting the nature of the debt and foreclosure status." *Id.* ¶ 40. But Pennington does not describe what practices the defendants engaged in, what misrepresentations they made, or what disclosures they failed to provide. Nor does the complaint identify when or where these events occurred. Pennington's claims accordingly fail to provide the "short and plain statement" required by Rule 8.[2]

Pennington's claims are also problematic because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). And "[w]hen a court lacks subject matter jurisdiction, it

---

[2]    Pennington attaches numerous documents to her complaint including emails, deeds, court filings, screenshots, and loan documents. *See* ECF Nos. 1-2–1-3. However, unexplained attachments cannot cure a complaint's deficiencies. *See Nichols v. Vilsack*, No. 13-cv-01502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (observing that even in pro se cases, "courts are not responsible for hunting through the record in search of material potentially helpful to a party's case," and "where undifferentiated documents are submitted along with a complaint that is itself lacking in detail, asking the Court to comb through the attachments to discern the substance of the plaintiff's claims  risks . . . denying the defendant fair notice and an opportunity to respond to identifiable allegations of wrongdoing").

must dismiss the case." *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (citing Fed. R. Civ. P. 12(h)(3)). To the extent Pennington's claims attempt to re-litigate the foreclosure on the property, this court does not have subject matter jurisdiction to consider them. Under the *Rooker-Feldman* doctrine, federal district courts may not hear "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). This prevents federal courts from considering issues that are "so inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quotation marks and citation omitted). Federal jurisdiction is barred even when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994). Here, the D.C. Superior Court decreed the foreclosure sale of the property and ratified its subsequent sale. Order Granting Plaintiff's Motion For Judgment On The Pleadings And Decree For Sale Of Real Property, *Nationstar Mortgage, LLC v. Danielle Pennington*, No. 2015-CA-000244-R(RP) (D.C. Super. Ct. Nov. 6, 2017); Order Granting Motion To Ratify Sale Of Real Property, *Nationstar Mortgage, LLC v. Danielle Pennington*, No. 2015-CA-000244-R(RP) (D.C. Super. Ct. Apr. 11, 2019). Pennington's claims appear to challenge the merits of these decisions insofar as they allege that the foreclosure involved misconduct that renders it invalid. *See, e.g.,* ECF No. 1 ¶ 35 ("Defendants entered into an agreement to misrepresent ownership and foreclose on Plaintiff's Property through deceptive and illegal means."). And her claims related to her eviction appear to be premised on the invalidity of the foreclosure. *See id.* ¶ 27 ("The Plaintiff's due process rights under the Fourteenth Amendment were violated when wrongful foreclosure and eviction proceedings were pursued without proper notice or valid standing."). To the extent Pennington's claims ask this court to review the propriety of the foreclosure, they are barred by

*Rooker-Feldman. See Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) (concluding that "because Plaintiff is invoking the United States Constitution and other federal statutes to challenge the propriety of the judicial foreclosure on his property, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine").[3]

Because Pennington's complaint fails to comply with Rule 8, and any possible claims appear to be barred by *Rooker-Feldman*, the court dismisses the complaint in its entirety.

## III. Conclusion

For these reasons, the court grants the motions to dismiss and dismisses the matter as to all defendants.

A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   January 20, 2026

_____

[3]    In her opposition to the motions to dismiss, Pennington states that she is not challenging state court proceedings and is instead challenging certain "2024-2025 acts" causing her "fresh injury." ECF No. 48 at 7. To the extent the opposition asserts new claims or allegations, they are conclusory and fail to satisfy Rule 8. The opposition also appears to challenge the Superior Court's substitution of First Hand Land for Nationstar in Pennington's eviction proceeding, but this claim is barred by *Rooker-Feldman* for the reasons stated.